UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Petitioner, <br><br> v. <br><br> BEN E. KEITH COMPANY, <br><br> Respondent. | § § § § § § § § § § § § Civil Action No. 5:19-CV-527 |

**PETITION TO ENFORCE ADMINISTRATIVE SUBPOENA DUCES TECUM ISSUED BY THE OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION**

To the United States District Court for the Western District of Texas, San Antonio Division:

I.

Petitioner, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, brings this action to compel Respondent, Ben E. Keith Company ("BEK," "Ben E. Keith" or "Respondent"), to fully comply with a Subpoena Duces Tecum ("Subpoena") seeking 22 items of information related to Respondent's worksite that was located at 5505 Kaepa Court, San Antonio, Bexar County, Texas 78218. *See Exhibit A*, copy of the Subpoena attached hereto and incorporated by reference. The Subpoena sought information related to Respondent's Process Safety Management ("PSM") program and procedures as well as basic company information and was issued and directed to Respondent by Alejandro Porter, Area Director, San Antonio Area Office, Occupational Safety and Health Administration ("OSHA"), United States Department of Labor, in aid of an inspection and investigation pursuant to the Occupational Safety and Health Act of 1970, 29 U.S.C. §§ 651 *et seq*. ("the Act"), and the occupational safety and health standards and regulations promulgated

1

thereunder (29 C.F.R. §§ 1903, *et seq*.). Of the 22 enumerated items, Respondent has only complied with the Subpoena with respect to four of the requested items (Items 1, 3, 4 and 18).

For the remaining items, Ben E. Keith maintains that OSHA cannot subpoena the requested documents because, during the course of the inspection, Ben E. Keith moved to a new facility. Instead, Ben E. Keith attempts to force OSHA to close the inspection of the 5505 Kaepa Court location by stating that it will confer with OSHA regarding production of documents for its new facility if OSHA agrees to close the inspection of the Kaepa Court facility. Specifically, Ben E. Keith states the following in response to the remaining 18 requested items:

> The Company shall not produce any documents with respect to the vacant and non-operational facility that is the subject of the Subpoena. The Company offers to produce with respect to its new facility, for inspection and copying, responsive documents that are in the Company's possession, custody or control and are identified after a diligent search. The Claimant is requested to confer with the Company regarding a mutually acceptable location and time for inspection and copying if it agrees to close this inspection and open a new one at the new facility.

*See Exhibit B*, copy of Respondent's March 21, 2019 response to the Subpoena. Ben E. Keith also objects to producing the subpoenaed information on the basis that such request is overbroad, unduly burdensome, vague, ambiguous, unreasonable and not proportional to the needs of the case. Respondent's claims and objections are without merit, and Respondent should be ordered to fully comply with OSHA's subpoena duces tecum.

## II.

Jurisdiction to issue the Orders prayed for herein is conferred upon this court by Section 8(b) of the Act, 29 U.S.C. § 657(b), and 28 U.S.C. §§ 1331 and 1345.

III.

A. Ben E. Keith Company is a company with its headquarters located in Fort Worth, Texas. Through at least March 2019, BEK employed approximately 350 employees at its facility in San Antonio, Texas as well as approximately 5,117 employees company-wide. As such, BEK is an employer within the meaning of the Act, 29 U.S.C. § 652(5).

B. Through at least March 2019, Respondent BEK maintained a worksite located at 5505 Kaepa Court, San Antonio, Bexar County, Texas 78218 (the "worksite"), which is within the jurisdiction of this Court. At the worksite, BEK employees were engaged in shipping and delivery of food and beverage products.

C. The worksite that was located at 5505 Kaepa Court, San Antonio, Texas 78218 constitutes an establishment, area, workplace, or environment where work is performed by an employee of an employer, within the meaning of Section 8(a) of the Act, 29 U.S.C. § 657(a).

IV.

A. Section 8(a) of the Act, 29 U.S.C. § 657(a), authorizes the Secretary to make inspections and investigations of establishments or areas where work is performed.

B. Section 8(b) of the Act, 29 U.S.C. § 657(b), authorizes the Secretary, in making inspections and investigations, to require the attendance of witnesses and the production of evidence under oath.

C. Further, Section 8(b) of the Act authorizes the United States District Court, upon petition by the Secretary, to issue an Order requiring a person who has failed to respond to the Secretary's Subpoena to produce evidence relating to the matter under investigation or in question. A failure to obey such Order may be punished by contempt.

V.

A. On or about January 14, 2019, OSHA initiated a programmed inspection of BEK's worksite at 5505 Kaepa Court in San Antonio, Texas as part of its planned enforcement strategy to inspect facilities covered by OSHA's PSM standard, pursuant to OSHA's National Emphasis Program ("NEP") on PSM covered-facilities.

B. On or about January 14, 2019, Compliance Safety and Health Officer ("CSHO") Nathalie Nguyen went on-site at BEK's worksite and conducted a walk-around of portions of the facility. During the walk-around, CSHO Nguyen observed conditions and equipment that may constitute violations of the Act and the regulations promulgated thereunder.

VI.

A. On or about March 11, 2019, under the authority of Section 8(b) of the Act, 29 U.S.C. § 657(b), Alejandro Porter, Area Director, OSHA, issued a Subpoena directing the Custodian of Records for Ben E. Keith to appear in San Antonio, Texas, on March 25, 2019 to produce documents relevant to the inspection being conducted by OSHA of the working conditions maintained by BEK at the worksite. The Subpoena requested 22 items of information related to Respondent's PSM program and procedures for the worksite as well as basic company information. *See Exhibit A*.

B. On March 12, 2019, the Subpoena was served on BEK by personal delivery to its attorney, Matthew Deffebach. Proof of service is included with the Subpoena, which is attached as *Exhibit A* to this Petition.

C. On March 21, 2019, Respondent provided an incomplete response to the Subpoena. Respondent provided responses for Items 1, 3, 4 and 18 of the Subpoena, but refused to provide

additional information on the basis that BEK had moved its San Antonio facility to a new location. *See Exhibit B*, Respondent's March 21, 2019 response.

VII.

A.  The attorneys for the Secretary of Labor and Respondent attempted to negotiate a resolution of this matter, but were not able to do so. Thus, Respondent has failed and refused to appear and provide the full set of documents and information as directed by the subpoena duces tecum.

B.  Each of the documents sought by the Secretary is for a legitimate investigatory purpose, is relevant to OSHA's ongoing investigation, and is important for completing the investigation and preserving evidence of violations.

C.  Respondent has failed and refused, and continues to fail and refuse, to appear and provide the full documentation and information as required by the subpoena duces tecum.

VIII.

A.  The documents and information sought from Respondent by the Subpoena are essential, relevant and appropriate for a determination by OSHA as to whether BEK's employees were exposed to unsafe and unhealthy working conditions at the identified workplace. The documents sought by the Subpoena are also relevant to the Secretary's investigation and are necessary, in that they will assist the Secretary in determining whether violations of the Act and occupational safety and health standards existed and will preserve evidence of such violations.

B.  Respondent's refusal to comply with the Subpoena is based on its mistaken belief that the move to a new facility somehow negates OSHA already initiated inspection. While the move to the new facility may affect abatement of any citations that are issued, it does not affect whether or

not OSHA violations had already occurred or were occurring at BEK's Kaepa Court location nor does the move affect whether or not BEK's employees were exposed to any cited hazards. "It is enough that the information sought [by subpoena] is relevant to *any* inquiry that the Secretary is authorized by law to undertake." *Reich v. Sturm, Ruger & Co., Inc.*, 903 F. Supp. 239, 246 (D.N.H. 1995) (emphasis in original) (quoting *Dole v. Trinity Indus., Inc.*, 904 F.2d 867, 874 (3d Cir.), *cert. denied,* 498 U.S. 998 (1990)).

  C. The unreasonable delay and refusal on the part of the Respondent constitutes disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful inspection and investigation by the Secretary.

  D. The Secretary, pursuant to Section 9(c) of the Act, 29 U.S.C § 658(c), has until July 13, 2019, to conclude his investigation and issue any citations and notifications of penalty for any alleged violations of the Act and occupational safety and health standards.

  E. As a result of said conduct by Respondent, the Secretary has been hindered in the proper exercise of his lawful authority and responsibility to enforce and administer the Act in that the subject investigation has been seriously impeded. OSHA has been precluded from further fact-gathering from the requested documents and information as well as its ability to use the subpoenaed information in employee and management interviews. Indeed, OSHA will need to conduct interviews of certain employees and management personnel as part of its investigation into whether violations occurred at the worksite. Because of Respondent's actions, OSHA has not been able to proceed in its investigation.

WHEREFORE, Petitioner prays that this Court:

1. Enter an Order requiring Respondent Ben E. Keith Company to immediately provide OSHA with copies of all the requested documents as well as the right to immediately review and copy, if necessary, all original responsive documents;

2. Enter an Order tolling the statute of limitations under which OSHA would be required to issue citations under Section 9(c) of the Act, 29 U.S.C § 658(c) through the date Respondent fully complies with the Subpoena, because of Ben E. Keith's refusal to cooperate in OSHA's investigation into whether violations of the Act and occupational safety and health standards have occurred;

3. Enter an Order requiring Respondent to pay the Secretary's attorney's fees and other costs associated with enforcing the lawfully issued Subpoena;

4. Grant such other and further relief as may be just and proper.

Respectfully Submitted,

KATE S. O'SCANNLAIN
Solicitor of Labor

CONNIE M. ACKERMANN
Acting Regional Solicitor

MARY KATHRYN COBB
Acting Counsel for Occupational
Safety and Health

United States Department of Labor
Office of the Solicitor                          By:
525 S. Griffin Street, Suite 501
Dallas, Texas 75202                              *Sheryl L. Vieyra*
Telephone: (972) 850-3100                        SHERYL L. VIEYRA
Facsimile: (972) 850-3101                        Texas State Bar No. 24008193
Email: vieyra.sheryl@dol.gov                     Senior Trial Attorney

RSOL Case No. 0660-19-00582                      Attorneys for Complainant.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 16th day of May, 2019, a true and correct copy of the foregoing *Petition to Enforce Administrative Subpoena Duces Tecum Issued by the Occupational Safety and Health Administration* of the Secretary of Labor was served upon all parties, representatives, and attorneys in the above entitled and numbered cause via email addressed to:

Matthew T. Deffebach
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, Texas 77010-2007
Email: matthew.deffebach@haynesboone.com

                                          *Sheryl L. Vieyra*
                                          SHERYL L. VIEYRA