UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| R. ALEXANDER COSTA, Secretary of Labor, United States Department of Labor, | § § § § § § § § § § § § | |
| *Petitioner*, | | |
| *v.* | | Civil Action No. SA-19-CV-527-XR |
| BEN E. KEITH COMPANY, | | |
| *Respondent*. | | |

**ORDER**

On this date, the Court considered the Petition to Enforce Administrative Subpoena Duces Tecum, issued by the Occupational Safety and Health Administration ("OSHA"). Docket no. 1. As stated in open court at the June 18, 2019 hearing, the Petition to Enforce is GRANTED.

Respondent Ben E. Keith Company, an interstate food distribution company, had a worksite at 5505 Kaepa Court, San Antonio, TX 78218. This site is the subject of an OHSA investigation. Respondent was on an OSHA inspection list, and Nathalie Nguyen, OSHA Compliance Safety and Health Officer, noticed several potential OSHA violations during a January inspection of the Kaepa Court facility.

On March 12, OSHA served the subpoena at issue here to the Kaepa Court location, seeking 22 items of information related to this worksite and Respondent's Process Safety Management ("PSM") program. Because that location is now closed, Respondent proposed that OSHA close this investigation and open an investigation at the new facility.

On March 21, Respondent responded with respect to four items and objected to the remainder. In its response to the subpoena, Respondent raised general objections to the subpoena

1

itself, arguing that, because the Kaepa Court facility is now non-operational, the requests are unduly burdensome, irrelevant, and not proportional to the needs of the case. For the 18 remaining requests, Respondent stated it will "not produce any documents with respect to the vacant and non-operational facility that is the subject of the Subpoena" and offered to produce documents for the new facility. On March 27, OSHA indicated it will continue the investigation notwithstanding the facility's move, and on May 16 it filed this petition to enforce.

Judicial review is limited in an action to enforce an administrative subpoena. *E.E.O.C. v. Kloster Cruise Ltd.*, 939 F.2d 920, 922 (11th Cir. 1991) ("It is well-settled that the role of a district court in a proceeding to enforce an administrative subpoena is sharply limited; inquiry is appropriate only into whether the evidence sought is material and relevant to a lawful purpose of the agency."). A district court must, generally, enforce an administrative subpoena like the one at issue here where it is not "plainly incompetent" or "irrelevant" to the relevant statutory purpose. *See Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509 (1943).

An administrative subpoena issued in connection with a governmental investigation and pursuant to an agency's investigatory power must be enforced if the agency can show (1) the inquiry is within the scope of the authority of the agency; (2) the demand is not too indefinite; and, (3) the information sought is reasonably relevant to the authorized inquiry. *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950).

Once the agency meets the *Morton Salt* criteria, the burden shifts to Respondent, who must show the subpoena is unduly burdensome. *See E.E.O.C. v. Maryland Cup*, 785 F.2d 471, 476 (4th Cir. 1986). To show that a request is unduly burdensome, Respondent must demonstrate that compliance will unduly disrupt or seriously hinder normal business operations. *E.E.O.C. v. Citicorp Diners Club, Inc.*, 985 F. 2d 1036, 1040 (10th Cir. 1996).

2

After reviewing the parties' briefs in this case, the Court heard argument on June 18, 2019. As stated at that hearing, the Court finds Petitioner has satisfied all elements under *Morton Salt* and Respondent has not shown that the request is unduly burdensome. Thus, the Court grants the Petition to Enforce. Respondent must comply with the subpoena by August 2, 2019.

Further, because 29 U.S.C. § 658(c) provides that "[n]o citation may be issued under this section after the expiration of six months following the occurrence of any violation," any citation based on OSHA's inspection must be issued by July 13, under normal operation of the statute of limitations. However, the Court has discretion to toll the statute of limitations here. *See Acosta v. Quality Constr., Inc.*, 2018 WL 7514591, at *2 (D. Colo. Dec. 21, 2018), report and recommendation adopted, 2019 WL 1077430 (D. Colo. Jan. 24, 2019) (enforcing OSHA subpoena and tolling statute of limitations until full compliance). "The equitable tolling doctrine is read into every federal statute of limitations, and the decision whether the doctrine should be applied lies within the sole discretion of the court." *Id.* (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946)). Here, as stated in open court, the circumstances merit tolling of the statute of limitations until Respondent has fully complied with the subpoena.

Finally, given that Respondent has transferred operations to a new facility, the Court again encourages the parties, in the interest of economy and pragmatism, to confer and tailor the scope of production where possible. This case is to remain open, as the Court will retain jurisdiction pending resolution of this matter.

It is so ORDERED.

SIGNED this 18th day of June, 2019.

                                                    _____
                                                    XAVIER RODRIGUEZ
                                                    UNITED STATES DISTRICT JUDGE